FILED

NOT FOR PUBLICATION

APR 07 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

COLRINTO REINA LOPEZ,

          Petitioner - Appellant,

  v.

M. YARBOROUGH, Warden,

          Respondent - Appellee.

No. 06-55815

D.C. No. CV-03-08712-RSWL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted January 11, 2010
Pasadena, California

Before: GOODWIN, CANBY and O'SCANNLAIN, Circuit Judges.

    Colrinto Lopez was convicted of first-degree murder under California law

and sentenced to a term of imprisonment of 95 years to life. In 2004, Lopez filed

an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. In his

amended petition, he claimed that the exclusion at trial of two defense witnesses'

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

testimony as hearsay violated his rights to a fair trial and to present a defense under the Fifth, Sixth, and Fourteenth Amendments. The district court concluded that Lopez procedurally defaulted that claim in state court, and denied his petition. Lopez timely appealed, and this court granted a certificate of appealability on whether the claim is procedurally barred. We review de novo the district court's determination that it is. *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir. 2003).

Lopez does not dispute that in the last reasoned state-court opinion on his claim, the California Court of Appeal held that he waived any challenge to the exclusion of the witnesses' testimony by failing to provide a rationale for the admission of the evidence at trial. Lopez argues only that California's waiver rule is not a state ground "adequate" to bar federal habeas review. "To be deemed adequate, the state law ground for decision must be well-established and consistently applied." *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003). Citing *People v. Koontz*, 46 P.3d 335 (Cal. 2002), Lopez contends that the California courts have not applied the waiver rule consistently. In *Koontz*, however, the Supreme Court of California concluded that the defendant preserved his challenge to the exclusion of evidence as hearsay by advancing a nonhearsay basis for admission of the evidence at trial. *Id.* at 358–59. Here, by contrast, Lopez failed to offer a nonhearsay basis at trial for the admission of either

2

witness's testimony. *Koontz* therefore does not establish that California courts have applied the waiver rule inconsistently where, as here, a defendant has failed to present a nonhearsay basis at trial for admission of the disputed evidence. Accordingly, we conclude that the state procedural rule relied upon by the California Court of Appeal is adequate to bar federal habeas review of Lopez's claim.

Lopez argues that counsel was constitutionally ineffective in failing to preserve his claim for review in state court, and that counsel's ineffective assistance therefore constitutes "cause" to excuse any procedural default. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Lopez cannot establish, however, one of the necessary components of an ineffective-assistance claim: that he suffered prejudice from counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The testimony of both the witnesses in question would have been cumulative of evidence presented to the jury. Thus, even if counsel's performance was deficient, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Lopez cannot show cause for his procedural default, his claim alleging a violation of his rights to a fair trial and to present a defense is procedurally barred.

3

The judgment of the district court is

**AFFIRMED.**